THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ÁNGEL LUIS ARCE VALENTÍN, Defendant and Appellant.

No. CR-62-400.          Decided June 28, 1963.

*Víctor Velasco Gordils* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Héctor R. Orlandi, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM: The prosecuting attorney filed an information against appellant Ángel Luis Arce Valentín for a violation of § 260 of the Penal Code, 33 L.P.R.A. § 966,[1] consisting in "the commission of a lewd and lascivious act,

---

[1] The second paragraph of § 260 provides that: "Any person who shall wilfully and lewdly commit any lewd or lascivious act, other than the acts constituting other crimes provided for in the Penal Code, upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or such child, shall be guilty of a felony . . . ."

which then and there only constituted a violation of § 260 of the Penal Code of Puerto Rico and no other crime, with the minor less than 13 years of age named V.. C.. G.., with the intent of arousing, inciting or gratifying the lust, passions, and sexual desires of said defendant and said child . . . said lewd and lascivious act consisting in defendant seizing with his hand said child's penis . . ." The corresponding hearing having been held the presiding judge found him guilty of aggravated assault and battery upon being unable to establish clearly the aggrieved child's age on the date of the commission of the events. *People* v. *Rodríguez*, 47 P.R.R. 84 (1934); *Lewdness, Indecency, and Obscenity*, § 11, 30 Cal.Jur.2d.

■ 1—Appellant maintains that the trial court erred in finding him guilty of aggravated assault and battery, a crime which is not included in the violation referred to in § 260. Defendant relies on *People* v. *Ramos*, 42 P.R.R. 480 (1931), in which, upon examining the sufficiency of an information of the latter offense, we decided that it was necessary to allege that the acts with which defendant is charged are not punishable under other sections of the Penal Code. However, this language should not be interpreted in the sense that no other crime is comprised in the provisions of the afore-mentioned section, but rather that the facts that constitute the lewd and lascivious conduct are not covered by other provisions of the same legal body which punish acts of this nature, such as rape and sodomy.[2] As may be noted the information filed complies with the requirement as to allegations referred to in *Ramos*.

---

[2] In 1937 California amended § 288 of the Penal Code which corresponds to § 260 of our Code and the phrase "other than the acts constituting other crimes provided for in part one of this code" was substituted by "including any of the acts constituting other crimes provided for in part one of this code." West, Annotated California Codes, Penal Code 183; *Lewdness, Indecency and Obscenity*, § 14, 30 Cal.Jur.2d.

As previously indicated, the acquittal of felony provided by § 260 was simply due to the fact that the minor's age was not duly proved. This was the sole element of the crime which prevented his being punished under its provisions. However, all the elements necessary to constitute an assault and battery are present, aggravated because there is involved a male adult in relation to a minor, and that it was established that defendant "pressed" the boy's penis. In *People* v. *Lugo*, 69 P.R.R. 37 (1948), we upheld a conviction for aggravated assault and battery in an action of assault to commit rape upon the evidence showing that defendant had kissed and held prosecutrix's thighs without her consent. See, in relation to the question of convictions for lesser offenses included in the information, 31 So. Cal. L. Rev. 93 (1957); 45 Calif. L. Rev. 534 (1957); 56 Colum. L. Rev. 888 (1956).

■■ 2–3—The other two errors assigned lack merits. The court was not bound to refer the case to the corresponding probation officer, after considering the provisions of § 1 of the Suspended Sentence Act (34 L.P.R.A. § 1027), and its own statement that it is a "typical case of moral deformation." The record does not show either any irregularity whatsoever in defendant's waiver of his right to a trial by jury.

The judgment rendered by the Superior Court, San Juan Part, on October 4, 1960, will be affirmed.